IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**PAUL BURNS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 5:20-cv-1227

**THE KENAN ADVANTAGE GROUP, INC.,**     **DEFENDANTS**
**and PETRO-CHEMICAL TRANSPORT, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Paul Burns ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against The Kenan Advantage Group, Inc., and Petro-Chemical Transport, LLC (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating and managing a fuel delivery company.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant at its facilities located in San Antonio.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of Bexar County.

8. Separate Defendant The Kenan Advantage Group, Inc. ("Kenan"), is a foreign, for-profit corporation.

9. Upon information and belief, Kenan is not registered to do business in Texas.

10. Kenan's registered agent for service in Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

11. Kenan maintains a website at https://www.thekag.com/.

12. Petro-Chemical Transport, LLC ("Petro-Chemical"), is a foreign limited liability company, registered to do business in Texas.

13. Petro-Chemical's registered agent for service in Texas is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Upon information and belief, Petro-Chemical is a subsidiary of Kenan.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from Kenan and Petro-Chemical was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles and fuel.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that

are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

22. Plaintiff was employed by Defendant from December of 2018 to August of 2020.

23. Specifically, Defendant employed Plaintiff as a Dispatcher.

24. Defendant also employed other Dispatchers.

25. For the first two months of Plaintiff's employment, Defendants classified him as an hourly employee, but in January or February of 2019, Defendants started paying Plaintiff a salary.

26. Starting in January or February of 2019, Defendant classified Plaintiff and other Dispatchers as salaried employees, exempt from the overtime requirements of the FLSA.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. At all relevant times herein, Defendant directly hired Dispatchers to work in its offices and/or to work remotely, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. As a Dispatcher, Plaintiff was responsible for coordinating the schedules of truck drivers to ensure loads were picked up and delivered in a

timely manner, inventorying stores, creating fuel loads and assigning the loads to drivers.

30. Other Dispatchers had similar duties to Plaintiff.

31. Plaintiff and other Dispatchers did not hire or fire any other employee.

32. Plaintiff and other Dispatchers were not asked to provide input as to which employees should be hired or fired.

33. Plaintiff and other Dispatchers did not exercise discretion or independent judgment as to matters of significance.

34. Plaintiff's and other Dispatchers' primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

35. Plaintiff and other Dispatchers sought input from their supervisors in lieu of making significant decisions on their own.

36. Plaintiff regularly worked over forty hours in a one-week period.

37. Plaintiff estimates he generally worked between forty-eight and sixty hours per week.

38. Upon information and belief, other Dispatchers had similar schedules to Plaintiff.

39. Plaintiff and other Dispatchers were not paid overtime wages for hours worked over forty per week.

40. Defendant paid Plaintiff a bonus of approximately $255.00 when he worked days in addition to his regular schedule.

41. Upon information and belief, other Dispatchers also received a bonus as well when they worked days outside their regular schedule.

42. At all relevant times herein, Defendants have deprived Plaintiff and other Dispatchers of overtime compensation for all of the hours worked over forty (40) per week.

43. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked in excess of forty per week;

   B. Liquidated damages; and

   C. The costs of this action, including attorney's fees.

46. Plaintiff proposes the following class under the FLSA:

**All Dispatchers in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA collective members are similarly situated in that they share these traits:

   A. They worked more than 40 hours in some weeks;

   B. They had substantially similar job duties, requirements, and pay provisions;

   C. They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

   D. They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50. Plaintiff is unable to state the exact number of the class but believes that there are at least twelve (12) other employees who worked as Dispatchers and were misclassified as salaried employees.

51. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Dispatchers.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as

soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### V.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

60. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Paul Burns, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PAUL BURNS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com